# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDI RATLIFF, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-3809 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| --------------------------------------------------- | | |
| CHAD CORY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-0125 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| --------------------------------------------------- | | |
| ROLAND T. ROSS, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-0126 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| --------------------------------------------------- | | |
| CORI LOPEZ, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2297 |
| | § | (caption continues. . .) |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| --------------------------------------------------- | | |
| WILLIAM THOMAS GILMORE, | § | |

|  |  |  |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1544 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

---

|  |  |  |
|---|---|---|
| SARAH SPONSEL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1542 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

---

|  |  |  |
|---|---|---|
| EMILY DEMMLER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1543 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

---

|  |  |  |
|---|---|---|
| LESLIE RICHIE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1545 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

---

|  |  |  |
|---|---|---|
| EDGAR COELLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3221 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

These cases currently are before the Court awaiting trial. The parties disagree strenuously about the scope of damages Plaintiffs may recover, if any, arising out of Defendant City of Houston's alleged wrongdoing.[1] Specifically, in the nature of *in limine* motions, the parties have requested the Court's pretrial determination of "whether damages for custodial abuse at the City jail or facilities automatically flow" from damages arising from a "detention without reasonable suspicion."[2] The answer is "no." The Court's analysis is more nuanced and differs to some degree from the parties' position.

The City cites Fifth Circuit case law explaining that "[w]hile the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendments." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). Relying on this holding, the City argues that "a finding of a policy of detention without reasonabl[e] suspicion is not dispositive of whether the City is automatically liable for damages

---

[1] The specific facts of these cases are not relevant to the question at issue in this Order. They have been explained at length in the Court's prior Memorandum and Orders [Docs. # 166 and # 239 in *Lopez v. City of Houston*, Civil Action No. H-03-2297].

[2] *See* Defendant's Response to Plaintiff's Preliminary Memorandum on the Issue of Fourth Amendment Unlawful Detention and Recoverable Damages Flowing Therefrom [Doc. # 183 in *Lopez v. City of Houston*, Civ. Action No. H-03-2297], ¶ 10.

because of subsequent custodial abuse at City facilities."[3] Thus, the City suggests that Plaintiffs must plead and prove Due Process violations in order to seek recovery for damages allegedly incurred while in the custody of the City jail.

The City recognizes that, "[a]lthough the point at which an arrest ends and pretrial detention begins is not always clear . . . [the Fifth Circuit has] held that the Fifth or Fourteenth Amendment begin to protect persons '*after* the incidents of arrest are completed, *after* the plaintiff has been released from the arresting officer's custody, and *after* the plaintiff has been in detention awaiting trial for a significant period of time.'" *Gutierrez*, 139 F.3d at 452 (quoting *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993)). Thus, "[o]nce an individual has been arrested and is placed into police custody, and surely after the arresting officer has transferred the individual to a jail cell, the individual becomes a pretrial detainee, protected . . . by the Due Process Clause." *Brothers v. Klevenhagen*, 28 F.3d 452, 457 (5th Cir. 1994); *cf. Brooks v. George County*, 84 F.3d 157, 166 (5th Cir. 1996) ("[O]nce the incidents of a valid arrest have long since been completed and the pretrial detainee remains in detention, the Fourth Amendment no longer applies when the challenge is solely to continued incarceration. . . . That detainee has recourse to due process protections, not protection against unreasonable seizures after a lawful seizure has occurred.").

---

[3]     *Id.* ¶ 10.

Although the cases cited by the City were decided in the context of excessive force claims, they have application here. The Fifth Circuit has made clear that "the Fourth Amendment applies more appropriately to the actual incident of arrest." *Brothers*, 28 F.3d at 456. *See Valencia*, 981 F.2d at 1444 ("As the Fourth Amendment protects against unreasonable 'seizures,' it seems primarily directed to the *initial* act of restraining an individual's liberty, such as an investigatory stop or arrest."); *see also Petta v. Rivera*, 143 F.3d 895, 901 n.5 (5th Cir. 1998) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)) ("'[T]he Fourth Amendment covers only 'searches and seizures' . . . .'"); *Brothers*, 28 F.3d at 454, 456 (noting that a prisoner who was processed and held in jail for "a few hours" "surely would have been considered a pretrial detainee" protected by the Due Process Clause, rather than an arrestee protected by the Fourth Amendment).

Thus, to the extent that Plaintiffs have alleged, and successfully prove, Due Process violations, they may seek recovery for damages incurred after all of the following circumstances existed: "*after* the incidents of arrest [were] completed, *after* the plaintiff [was] released from the arresting officer's custody, and *after* the plaintiff [was placed] in detention . . . ." *Brothers*, 28 F.3d at 456. To the extent Plaintiffs have alleged, and successfully prove, violations of their Fourth Amendment rights, they may seek recovery for damages that were suffered prior to that point. *See Nowell*

v. Acadian Ambulance Serv.

*v. Acadian Ambulance Serv.*, 147 F. Supp. 2d 495, 507 (W.D. La. 2001) (citing *Gutierrez*, 139 F.3d at 452) (holding the Fourth Amendment applicable to the plaintiff's claim because he "complain[ed] of event which occurred in connection with his arrest while he was still in custody of the arresting officers, prior to any processing by the sheriff's department . . . .").

The Court recognizes that the cases cited herein state that a detainee should be "in detention awaiting trial for a *significant* period of time," *Gutierrez*, 139 F.3d at 452 (emphasis added), before he is to be considered a "pretrial detainee" protected under the Due Process Clause. However, in applying that test, courts in this Circuit have indicated that the point at which Constitutional protections for detainees shift from the Fourth Amendment to the Due Process Clause of the Fifth or Fourteenth Amendment is the point at which an individual is placed into secure custody in a jail cell. *See Brothers*, 28 F.3d at 457 ("Once an individual has been arrested and is placed into police custody, and surely after the arresting officer has transferred the individual to a jail cell, the individual becomes a pretrial detainee, protected against excessive force by the Due Process Clause."); *see also Gutierrez*, 139 F.3d at 457 ("While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendments."); *Valencia*, 981 F.2d at 1444 ("As the Fourth Amendment protects

against unreasonable 'seizures,' it seems primarily directed to the *initial* act of restraining an individual's liberty, such as an investigatory stop or arrest."). Indeed, to hold otherwise would create an unnecessarily complicated inquiry, especially in the context of this case, where there are well over one hundred plaintiffs, each complaining of similar, yet factually distinct conduct by police. More importantly, the protections of the Fourth Amendment necessarily cede to the protections afforded under Due Process once a seizure—whether lawful or not—has been completed. *See Brooks*, 84 F.3d at 166; *see also County of Sacramento*, 523 U.S. at 843. Due Process tests contemplate the needs of law enforcement and jail personnel to protect the safety and security of police, correctional officers, and detainees. *See, e.g.*, *Valencia*, 981 F.2d at 1446–47. These needs exist regardless whether a detainee is in a cell for one hour, or for weeks.

SIGNED at Houston, Texas, this **3rd** day of **April, 2008**.

_____
Nancy F. Atlas
United States District Judge